# In the United States Court of Federal Claims

No. 17-445C
(Filed: January 17, 2018)

|  |  |  |
|---|---|---|
| ELLEN P. BULLOCK, | ) ) | |
| Plaintiff, | ) ) ) | Motion to Dismiss for Lack of Subject Matter Jurisdiction; RCFC 12(b)(1); Lack of authority to bind government; |
| v. | ) ) | Failure to establish enforceable EEO Settlement Agreement |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

*Jeffrey R. Eilliot,* Wyomissing, PA, for plaintiff.

*Steven C. Hough*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., with whom were *Chad A. Readler*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, Commercial Litigation Branch, *Steven J. Gillingham*, Assistant Director, Commercial Litigation Branch, for defendant. *Holly Bryant*, U.S. Army Litigation Division, Fort Belvoir, VA, of counsel.

**OPINION ON MOTION TO DISMISS**

**FIRESTONE,** *Senior Judge.*

Pending before the court is a motion filed by the United States ("government") to dismiss this action filed by Ellen P. Bullock ("plaintiff") for a breach of contract pursuant to Rule 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction or in the alternative for failure to state a claim. Ms. Bullock, an employee of the Department of Defense, U.S. Army Aviation and Missile Command ("Army"), alleges that the government is in breach of a settlement

agreement she entered into in connection with a Title VII Civil Rights claim. Ms. Bullock's Title VII Civil Rights claim was filed before the Equal Employment Opportunity Commission ("EEOC"). During the Equal Employment Opportunity ("EEO") proceedings, Ms. Bullock alleges she entered into an oral settlement agreement with the Army that the government has failed to honor in full. Specifically, Ms. Bullock claims she has not been paid the $70,000.00 she contends the government agreed to pay in back pay, compensatory damages, and attorney's fees.

In its motion to dismiss, the government argues that Ms. Bullock's claim must be dismissed for lack of subject matter jurisdiction. The government argues that the Army did not enter into a binding agreement to pay $70,000.00 to Ms. Bullock on the grounds that Claudia Lynch, the Army attorney who represented the Army in the EEO negotiations, did not have either the express or implied actual authority to bind the Army. Specifically, the government argues that under Army Regulations 690—600 ¶ 1—13(d) and ¶ 5—13(g) [1], only the activity commander or his designee may bind the Army. Here, because Ms. Lynch was not the activity commander or his designee, she could not bind the Army. The government also argues that the agreement is not binding on the grounds

---

[1] Army Reg. 690—600 ¶ 1—13(d) states the agency representative will "[d]raft and/or review proposed negotiated settlement agreements and Offers of Resolution."

Army Reg. 690—600 ¶ 5—13(g) states that the settlement agreement "will be signed by the complainant and the attorney, if complainant is represented by an attorney, and the activity commander, or designee."

In addition to Army Reg. 690—600 ¶ 5—13(g), the court understands from reviewing the Army Regulations that per Army Reg. 690—600 ¶ 7—11(c) the power to agree to compensatory damages rests solely with the activity commander.

that the Army's alleged offer was never reduced to writing in contravention of EEOC regulation, 29 C.F.R. § 1614.603, which states that "[a]ny settlement reached shall be in writing and signed by both parties and shall identify the claims resolved." The government argues for these same reasons that Ms. Bullock has failed to state a claim for relief.

For the reasons set forth below, the court finds that Ms. Lynch did not have the authority to bind the government and for this reason the government's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.

I.   **Background Facts** [2]

Ms. Bullock filed her EEO action on August 12, 2013. Pl.'s Compl. ¶ 12. Her EEO complaint was assigned for mediation before Administrative Law Judge ("ALJ") Anita Richardson on June 11, 2015. *Id.* ¶ 18. The Army was represented by Claudia Lynch, an attorney for the Army. *Id.* ¶ 11.

Ms. Bullock alleges that on July 29, 2015, her attorney, Jeffrey Elliot, and Ms. Lynch reached an agreement as to changes in her working conditions. *Id.* ¶ 23. Ms. Bullock further alleges that on that same day, Ms. Lynch presented an offer to pay $50,000.00 to resolve Ms. Bullock's demand for over $150,000.00 in back pay, compensatory damages, and attorney's fees. *Id.* ¶ 26.

---

[2] The following jurisdictional facts are taken from the complaint and the declaration of Ms. Lynch attached to the government's reply to its motion to dismiss.

After further negotiations, Ms. Bullock alleges that after receiving the Army's settlement proposal she agreed to lower her demand to $70,000.00. According to an August 27, 2015 email from ALJ Richardson to Ms. Bullock's attorney, ALJ Richardson represented that the "[Army] will agree to pay $70,000.00" and that the payment would settle the dispute. *Id.* at ¶¶ 33-35, Ex. I.  No final written agreement was ever executed despite repeated requests from ALJ Richardson for Ms. Lynch to memorialize the settlement agreement in writing. *Id*. ¶ 37, Ex. J.

On September 21, 2015, ALJ Richardson sent an email to Ms. Bullock and Ms. Lynch stating that she had "just learned from Ms. Lynch that the [Army] had rescinded its settlement offer from August 27th" and that she was notifying the EEOC "that the parties have reached an impasse." Compl. ¶ 38, Ex. K.[3]

## II.     Positions of the Parties

On July 31, 2017, the government filed the pending motion to dismiss.  As noted above, the government argues that because Ms. Lynch did not have the authority to bind the Army and because the settlement agreement was not finalized in writing there is no final settlement agreement between the Army and Ms. Bullock.  The government argues that Ms. Lynch, although authorized to negotiate on behalf of the Army before the EEOC, did not have the express or implied actual authority to bind the Army to any

---

[3]  Ms. Bullock's EEO complaint is currently before an EEOC administrative law judge, who stayed the EEOC proceedings on April 19, 2017 pending the resolution of Ms. Bullock's claim currently before this court. Def.'s Mot. to Dismiss (Def.'s Mot) at 3, Ex. 5.

settlement agreement.  Def.'s Reply at 5.  The government argues per Army Reg. 690—600, that only the activity commander or his designee had the authority to bind the Army to the terms of a settlement and to pay compensatory damages.[4]  The government, relying on Ms. Lynch's sworn declaration, argues that she was not the activity commander or his designee and thus could not bind the Army. Ms. Lynch states in her sworn declaration that she "served as the agency representative in Ms. Bullock's EEOC proceedings . . . [and] [a]t no time was [she] empowered to enter into a settlement agreement on behalf of the Army."  Lynch Dec. at ¶ 4.  As the Army representative, Ms. Lynch explains that she only "represents the Army's interests, as well as advises and assists the management official in proceedings before the EEOC."  *Id*.  The government also argues that the settlement agreement is not enforceable because it was not finalized in writing in accordance with EEOC regulation,  29 C.F.R. § 1614.603.

In response to the government's motion to dismiss, Ms. Bullock asserts that the Army should be bound by Ms. Lynch's representations on the grounds that under "[f]ederal common law[,]" attorneys are presumed to have the authority to settle on behalf of their clients. Pl.'s Sur-Reply at 3-4 (citing *In re Artha Management Inc.,* 91 F.3d 326 (2d Cir. 1996); *Thomas v. Colorado Trust Deed Funds, Inc.*, 366 F.2d 136, 139 (10th Cir. 1966); *Garebedian v. Allstates Engineering Co. et al.*, 811 F.2d 802, 803 (3d. Cir. 1987) (other citations omitted).  Ms. Bullock does not address the Army regulations cited by the

---

[4] Army Reg. 600—690 defines activity commander as an "army commander who has delegated appointing authority for the civilian work force and has a civilian personnel official, a labor counselor, and an EEO officer available for advice."

government. With regard to the EEOC regulation, 29 C.F.R. § 1614.603, Ms. Bullock asserts that courts have upheld oral settlement agreements resolving Title VII Civil Rights claims. Pl.'s Resp. in Opp'n to Def.'s Mot at 10-11 (citing *Greene v. Rumsfeld*, 266 F. Supp. 2d 125, 136 (D.D.C. 2003) (holding that an oral agreement reached between the parties resolving an Title VII Civil Rights complaint, which both parties represented as an agreement to the presiding Magistrate Judge, was an enforceable agreement.)).

**III.     Standard of Review on Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Ordinarily, where a plaintiff alleges a breach of contract "[a] well pleaded allegation of a breach of either an express or implied-in-fact contract is sufficient to overcome challenges to jurisdiction. *Bank of Guam v. United States* 578 F.3d 1318, 1325 (Fed. Cir. 2009) (citing *Trauma Serv. Grp. v. United States,* 104 F.3d 1321, 1325 (Fed. Cir. 1997)). However, if the government challenges jurisdiction, "'only uncontroverted factual allegations are accepted as true.'" *Hymas v. United States,* 810 F.3d 1312, 1317 (Fed. Cir. 2016) (citation omitted). In order to proceed, the party invoking this court's jurisdiction must establish jurisdiction by a preponderance of the evidence. *Fid. & Gaur. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015) (citing *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed Cir. 2013); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).

### IV. Ms. Bullock Has Not Established Jurisdiction Over A Contract Claim

The Court of Federal Claims has jurisdiction over a claim founded upon an express or implied-in-fact contract with the United States pursuant to the Tucker Act. 28 U.S.C. § 1491(a)(1). To hear a breach of contract claims against the government, the plaintiff must allege all of the elements of a contract. *See Trauma Serv. Grp.,* 104 F.3d at 1325. The elements for an express or an implied-in-fact contract with the government are the same: "(1) mutuality of intent to contract; (2) lack of ambiguity in offer and acceptance; (3) consideration; and (4) a government representative having actual authority to bind the United States in contract." *Anderson v. United States*, 344 F.3d 1343, 1353 (Fed. Cir. 2003) (citation omitted) (footnote omitted).

The threshold issue in this case is whether Ms. Lynch had the authority to bind the Army before the EEOC. A government official "'possesses express actual authority to bind the [United States] in contract, only when the Constitution, a statute, or regulation grants [that power] to that agent in unambiguous terms.'" *Jumah v. United States*, 90 Fed. Cl. 603, 612 (2009), *aff'd* 385 Fed. App'x 987 (Fed. Cir. 2010)(citation omitted). If the government representative does not have actual authority to bind the United States in contract, the representative may only bind the government if the representative has implied actual authority. *H. Landau & Co. v. United States*, 886 F.2d 322, 324 (Fed. Cir. 1989). "Authority to bind the government may be implied when it is an integral part of the duties assigned to the particular government employee." *Winter v. Cath-Dr/Balti Joint Venture*, 497 F.3d 1339, 1346 (Fed. Cir. 2007) (citing *H. Landau & Co.*, 866 F.2d

at 324 quoting J. Cibinic & R. Nash, Formation of Government Contracts 43 (1982)). Importantly, "anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority." *Federal Crop Ins. Corp v. Merrill,* 332 U.S. 380, 384 (1947).

The court agrees with the government that Ms. Bullock's claim must be dismissed for lack of subject matter jurisdiction because Ms. Lynch lacked the express or implied actual authority to bind the Army before the EEOC and thus there is no settlement agreement to enforce. Def.'s Resp. at 5. Under Army Reg. 600—690 ¶5—13(g), only the activity commander, or his designee, has the authority to bind the Army to EEO settlement agreements. It is clear from Ms. Lynch's uncontested declaration that she was not given settlement authority from the activity commander. Thus she did not have express settlement authority under the subject regulations. In addition, the court finds that Ms. Lynch did not have implied actual authority. In her declaration, Ms. Lynch states that she "served as the agency representative in Ms. Bullock's EEOC proceeding" and not as a person with binding settlement authority. Lynch Dec. ¶ 4. As she explains in her declaration, as the agency representative she "represents the Army's interests, as well as advises and assists the management official in proceedings before the EEOC." *Id.* at ¶ 2. Ms. Lynch concludes that "[a]t no time was I empowered to enter into an agreement on behalf of the Army." *Id.* ¶ 4. In view of Ms. Lynch's declaration it is clear that settlement authority was not "integral" to Ms. Lynch's duties.

Having concluded that Ms. Lynch did not have express or implied actual authority to bind the Army before the EEOC, Ms. Bullock's federal common law argument must also fail. In *Winter*, the Federal Circuit held that a government employee, other than the contracting officer, cannot bind the government, where a regulation expressly states that only the contracting officer can bind the government. The Circuit stated, that a person other than the contracting officer, "could not have had the *implicit* authority to authorize contract modifications because the contract language and government regulation it incorporates by reference *explicitly* state that only the contracting officer had the authority to modify the contract." *Winter*, 497 F.3d at 1346.  The same reasoning applies in this case. Where a regulation expressly provides which government official has the authority to bind the government, a government attorney, like Ms. Lynch, does not have "federal common law" authority to bind the government.

Because Ms. Lynch did not have the authority to enter into a binding EEO settlement agreement with Ms. Bullock, there never was a binding contract between the Army and Ms. Bullock to pay $70,000.00 and thus Ms. Bullock's case must be dismissed.[5]

---

[5] Having concluded that there was no binding settlement agreement between Ms. Bullock and the Army, it is not necessary to address the government's argument that the case must be dismissed because the alleged agreement was not in writing. Also, because the court does not have jurisdiction over the case, the court will not address the government's alternative request for dismissal under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted.

## CONCLUSION

For these reasons, the government's motion to dismiss Ms. Bullock's complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) is **GRANTED.** The Clerk is directed to enter judgment accordingly. No costs.

**IT IS SO ORDERED**.

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge
