# In the United States Court of Federal Claims

No. 17-445C
(Filed: September 25, 2019)

| | |
|---|---|
| ELLEN P. BULLOCK, | ) |
| | ) |
| Plaintiff, | ) Cross-Motions for Summary |
| | ) Judgment; RCFC 56; Breach of |
| | ) Contract; Oral EEO Settlement |
| v. | ) Agreement; Regulations Requiring |
| | ) Written Settlement Agreements |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

*Michael M. Monsour*, Wyomissing, PA, for plaintiff.

*Steven C. Hough*, Civil Division, United States Department of Justice, Washington, D.C., with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Steven J. Gillingham*, Assistant Director, for defendant.

## O P I N I O N

**FIRESTONE**, *Senior Judge*.

Pending before the court in this breach of contract action are the parties' cross-motions for summary judgment regarding an oral settlement agreement that the plaintiff Ellen P. Bullock alleges she entered into with the United States Department of the Army to resolve her Equal Employment Opportunity ("EEO") complaint.  Ms. Bullock argues that this oral agreement was breached when the Army failed to pay her $70,000, a figure discussed during negotiations before an Equal Employment Opportunity Commission ("EEOC") administrative judge during a 2015 mediation.  Defendant the United States

(the "government") cross-moves for summary judgment, arguing that no oral settlement agreement exists because, among other reasons, any settlement agreement resolving the EEO complaint was required to be in writing pursuant to Army and EEOC regulations.

For the reasons set forth in more detail below, the court concludes that the government is entitled to summary judgment on Ms. Bullock's breach of contract claim. The applicable regulations require that any settlement agreement before the EEOC had to have been in writing and signed by the parties, but the parties did not execute any written settlement agreement. Moreover, the circumstances within which the Federal Circuit has recognized oral settlement agreements in similar contexts are not present here. The court therefore **GRANTS** the government's cross-motion for summary judgment and **DENIES** the plaintiff's motion for summary judgment.

## I.    BACKGROUND

The following relevant facts are taken from the parties' pleadings and are undisputed unless otherwise noted. On August 12, 2013, Ms. Bullock filed a claim under Title VII of the Civil Rights Act with the United States Department of the Army, alleging sex discrimination and retaliation. Def.'s Cross-Mot. at 2, ECF No. 76; Pl.'s Mot. at 5, ECF No. 52. Ms. Bullock requested a hearing before the EEOC. Def.'s Cross-Mot. at 2. On June 10, 2015, the EEOC assigned Administrative Judge Anita Richardson to serve as mediation judge. Def.'s Cross-Mot. at 2; Pl.'s Mot. at 6. Attorney Claudia Lynch represented the Army in the EEOC proceedings. Def.'s Cross-Mot. at 4.

According to Ms. Bullock, during a July 29, 2015 mediation before Administrative Judge Richardson, the parties reached an agreement as to her non-monetary demands.

Pl.'s Mot. at 6-8.  Following that mediation, further negotiations ensued regarding Ms.

Bullock's demand for back pay, compensatory damages, and attorney's fees.  Pl.'s Mot.

at 6, 8-9.  On August 27, 2015, Administrative Judge Richardson sent an email in her role

as mediator to Ms. Bullock's attorney stating that "[t]he agency will agree to pay

$70,000."  Pl.'s Mot., ECF No. 52-3 at 41 (Tab 12 to Elliot Aff.).  Ms. Bullock's attorney

then replied, "This is settlemt [sic]?," to which Administrative Judge Richardson

responded, "yes for the parts that were still in dispute," adding, "I cannot remember the

specific numbers that the agency agreed [on]."  *Id.* at 43 (Tab 13 to Elliot Aff.).

On August 28, 2015, Administrative Judge Richardson then sent an email to the

parties, requesting the "agency's understanding of the provisions of the settlement

agreement" and stating "[o]nce we confirm that the parties are in complete agreement, the

agency can begin work on the written settlement agreement."  Pl.'s Mot., ECF No. 52-1

at 81 (Ex. 5 to Richardson Dep.).  The parties did not, however, execute a written

settlement agreement to resolve Ms. Bullock's EEO complaint.

On September 21, 2015, Administrative Judge Richardson notified the parties that

the Army had "rescinded its settlement offer from August 27th" and that she was

notifying the EEOC that the parties had reached an impasse.  Pls.' Mot., ECF No. 52-1 at

82 (Ex. 6 to Richardson Dep.).  Ms. Bullock then continued to pursue her EEO claims

before EEOC Supervisory Administrative Judge Regina N. Stephens for over a year, into

2017.  Def.'s Cross-Mot. at 3-4.  Administrative Judge Stevens granted summary

judgment in favor of the Army on January 11, 2017 but rescinded her decision on January

19, 2017 because Ms. Bullock had not received notice of Judge Stephens' intent to issue

a summary judgment ruling. *Id.* On February 2, 2017, Judge Stephens issued notice of her intent to issue a decision without a hearing and set a February 28, 2017 deadline for the parties to submit written responses. *Id.* On February 28, 2017, Ms. Bullock requested a stay of the EEOC proceedings to bring a breach of contract action in this court. *Id.* at 4.

Ms. Bullock filed her complaint in this court on March 28, 2017. On January 17, 2018, the court dismissed Ms. Bullock's complaint for lack of subject matter jurisdiction because Ms. Lynch "lacked the express or implied actual authority to bind the Army . . . and thus there is no settlement agreement to enforce." *Bullock v. United States*, 136 Fed. Cl. 29, 33 (2018). However, on May 7, 2018, the court reconsidered its dismissal decision, reasoning that "Ms. Lynch may have had actual settlement authority when she represented before [Administrative Judge Richardson] that the government would pay the plaintiff $70,000.00 and thus this court has jurisdiction to hear the case." Order, ECF No. 35 at 3. The court ordered summary judgment briefing and permitted Ms. Bullock to take limited discovery. *See* Order, ECF No. 39 at 4; Order, ECF No. 46 at 2.

This matter is now before the court on the parties' cross-motions for summary judgment. In her motion for summary judgment, Ms. Bullock argues that there is no issue of material fact that the parties completed an enforceable oral contract to settle Ms. Bullock's EEO claims on August 27, 2015, and that Ms. Lynch had the authority to enter into such an agreement. Pl.'s Mot. at 15-20. Ms. Bullock seeks $70,000 plus interest and reasonable costs. *Id.* at 20-21.

In its cross-motion and response, the government contends that there is no genuine dispute of material fact that the elements of contract formation – mutuality of intent to contract, unambiguous offer and acceptance, consideration, and authority to bind the government – are not satisfied.  *See* Def.'s Cross-Mot. at 7-29.  As most relevant here, the government argues that EEOC regulations and the Army's EEO regulations require that settlement agreements must be in writing and signed by both parties, and that the parties' failure to execute a written agreement evidences that they did not have a mutual intent to contract.  *Id.* at 9-10, 29-30.  The government also argues that there is no genuine dispute that Ms. Bullock has failed to exhaust her administrative remedies and has materially breached the purported settlement agreement and therefore cannot prevail on her breach of contract claim.  *Id.* at 30-34.

In her response and reply, Ms. Bullock reiterates that Ms. Lynch had authority to enter into the settlement agreement.  Pl.'s Resp. & Reply at 13-14, ECF No. 77.  She further contends that the court should disregard the declarations of Administrative Judge Richardson and John Shipley, Ms. Lynch's supervisor, attached to the government's cross-motion, because the declarations contradict those witnesses' deposition testimony.[1] *Id.* at 14-22.

The government replies, inter alia, that Ms. Bullock failed to present any evidence on or respond to the argument that the Army and EEOC regulations require a written

---

[1] Ms. Bullock also suggests that government counsel's use of these two declarations "is worthy of sanction and/or admonition."  Pl.'s Reply at 22-23.  To the extent Ms. Bullock is requesting sanctions, that request is denied.  The request is procedurally improper, *see* RCFC 11(c)(2), and the court does not rely on the declarations in this opinion.

settlement agreement.  Def.'s Reply at 25, ECF No. 80.  The government further argues that Administrative Judge Richardson's and Mr. Shipley's declarations are proper.  *Id.* at 7-17, 28 n.19.

Briefing was completed on July 12, 2019.  The parties have not requested oral argument, and the court has determined that no oral argument is necessary.

## II.   STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  RCFC 56(a).  A genuine dispute is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor, and a material fact is one that could affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To survive summary judgment, the party opposing the motion "must present evidence creating a genuine issue of material fact."  *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010).  In evaluating motions for summary judgment, courts must draw any inferences from the underlying facts in the light most favorable to the non-moving party and may not engage in credibility determinations or weigh the evidence. *Anderson*, 477 U.S. at 249, 255.  If no rational trier of fact could find for the non-moving party, a genuine issue of material fact does not exist and the motion for summary judgment may be granted.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  With respect to cross-motions for summary judgment, courts must determine independently the appropriateness of summary disposition in a particular case,

6

evaluating each motion on its own merits. *Marriott Int'l Resorts, L.P. v. United States*, 586 F.3d 962, 968-69 (Fed. Cir. 2009).

## III.   DISCUSSION

This breach of contract case centers on whether the parties entered into an oral settlement agreement during the parties' 2015 mediation before Administrative Judge Richardson. *See* Compl. ¶ 36; Pl.'s Mot. at 1; Pl.'s Resp. & Reply at 4. Although it is "axiomatic that a settlement agreement is a contract," *Greco v. Dep't of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988), there are four requirements that must be satisfied to form a contract binding on the government: "(1) mutuality of intent to contract; (2) lack of ambiguity in offer and acceptance; (3) consideration; and (4) a government representative having actual authority to bind the United States in contract," *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380-81 (Fed. Cir. 2019) (quoting *Anderson v. United States*, 344 F.3d 1343, 1353 (Fed. Cir. 2003)). In certain contexts, oral settlement agreements made during administrative proceedings, such as the purported agreement in this case, can be binding on the government. *See Tiburzi v. Dep't of Justice*, 269 F.3d 1346, 1351 (Fed. Cir. 2001). An oral agreement is not binding, however, where the parties "did not intend to be bound until a written contract was signed," *Sargent v. Dep't of Health and Human Servs.*, 229 F.3d 1088, 1090 (Fed. Cir. 2000), or where a statute requires a written memorialization of an oral agreement, *Tiburzi*, 269 F.3d at 1353 (noting that a written memorialization of an oral agreement "is not necessary in the absence of a statute requiring it" (quoting 1 Samuel Williston, *Williston on Contracts* § 4:8 (4th ed. 1990)).

7

The applicable Army and EEOC regulations impose additional requirements that are controlling in this case.  The EEOC regulation requires that "[a]ny settlement reached" during administrative proceedings "*shall* be in writing and signed by both parties and shall identify the claims resolved."  29 C.F.R. § 1614.603 (emphasis added); *see* Def.'s Cross-Mot. at 9-10, 29-30.  The Army's EEO regulations similarly provide that "the terms for settlement and time frames for completion will be set forth in a" written settlement agreement, Army Reg. 690-600 ¶ 5-13.g, and that "[a]ny settlement agreement that includes payment of compensatory damages" – such as the alleged oral agreement here – "must be in writing," *id.* ¶ 7-11.g; *see* Def.'s Cross-Mot. at 9-10, 29-30.

Applying these standards, the court agrees with the government that the parties did not enter into a binding oral settlement agreement in this case and thus there cannot be a breach of contract.  As noted above, the Federal Circuit has observed that the written memorialization of an oral agreement is necessary for the agreement to become effective where a statute requires it.  *See Tiburzi*, 269 F.3d at 1353.  The Federal Circuit in similar contexts has applied this principle to regulations, determining that no oral agreement exists where regulations require that an agreement be in writing and signed by both parties.  *See Mil-Spec Contractors, Inc. v. United States*, 835 F.2d 865, 867-68 (Fed. Cir. 1987) (no oral settlement agreement regarding contract modification where Federal Acquisition Regulations require modification to be in writing and signed by both parties); *SCM Corp. v. United States*, 595 F.2d 595, 598 (Ct. Cl. 1979) (no oral settlement agreement regarding contract modification where Armed Services Procurement Regulations require modification to be in writing and signed by both parties).  In

addition, the Circuit has held that "oral assurances" made during contract negotiations do not produce a binding implied-in-fact contract "until all the steps have been taken that the agency procedure requires." *New Am. Shipbuilders, Inc. v. United States*, 871 F.2d 1077, 1080 (Fed. Cir. 1989).

The applicable EEOC and Army regulations here require that any settlement agreement be in writing.  It is undisputed that Ms. Bullock and the Army did not sign a written settlement agreement.  Ms. Bullock argues only that the parties formed an enforceable *oral* agreement.  *See, e.g.*, Compl. ¶ 36; Pl.'s Mot. at 1; Pl.'s Resp. & Reply at 4.  Moreover, the materials in the record confirm that there is no written settlement agreement between the Army and Ms. Bullock.  *See, e.g.*, Def.'s Cross-Mot., ECF No. 76-3, Lynch Decl. ¶ 32 (Ms. Lynch, the Army's representative, "did not sign any settlement agreement to resolve Ms. Bullock's EEO complaint."); *id.*, Ex. E at 1 (email from Administrative Judge Stevens stating that "[t]here is no signed agreement, there is no email accepting the terms (from the parties)").  Because the parties did not execute a written settlement agreement, as required by the Army and EEOC regulations, any oral agreement reached between the parties does not constitute a binding contract, and the government is entitled to summary judgment.

Ms. Bullock fails in her summary judgment briefs to address the argument that the EEOC and Army regulations preclude an oral settlement agreement in this case. Moreover, the cases in which the Federal Circuit has recognized the validity of oral settlement agreements, even though they are not later reduced to writing, are distinguishable from this case.  For example, in *Tiburzi v. Department of Justice*, the

Federal Circuit upheld an oral agreement made before an administrative judge to settle a Merit Systems Protection Board appeal, even though no written agreement was later signed by the parties. 269 F.3d at 1349-51. The signed writing requirements of the EEOC and Army regulations, however, were not applicable in *Tiburzi*. In addition, the settlement negotiations in *Tiburzi* occurred before the administrative judge actually adjudicating Mr. Tiburzi's case, Mr. Tiburzi's counsel "read the terms of the [settlement] agreement into the record" before the administrative judge, and the parties expressly "agreed that both the oral agreement and any subsequent written memorialization would be enforceable." *Id.* at 1349-50, 1353 (internal quotation marks omitted). Other Federal Circuit cases upholding oral settlement agreements also involve settlement agreements read into the record before the adjudicating judge. *See, e.g.*, *Brown v. Dep't of Army*, 157 F. App'x 295, 297-98 (Fed. Cir. 2005); *Gray v. Dep't of Defense*, 91 F. App'x 137, 140 (Fed. Cir. 2004). In this case, in contrast, the parties' negotiations were before an administrative judge in her role as mediator, it is undisputed that no settlement agreement was read into the record, and there is no evidence that the parties expressly agreed that any oral agreement would be enforceable.

In sum, the court concludes that there is no genuine dispute of material fact that the Army and Ms. Bullock did not enter into a written agreement. Because a written agreement is required by EEOC and Army regulations, no binding oral agreement existed between the parties, and the government is entitled to summary judgment.

IV.    **CONCLUSION**

For the reasons stated above, Ms. Bullock's motion for summary judgment is

**DENIED.**   The government's cross-motion for summary judgment is **GRANTED.**   The

judgment entered on January 17, 2018 (ECF No. 22) is **VACATED**.   The clerk is

directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge
