# In the United States Court of Federal Claims

No. 17-445C
(Filed: November 8, 2019)
**NOT FOR PUBLICATION**

| | |
|---|---|
| ELLEN P. BULLOCK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) | RCFC 59; Reconsideration; Breach of Alleged Oral Settlement Agreement Before the EEOC |

**ORDER DENYING RECONSIDERATION**

On September 25, 2019, this court granted summary judgment to the United States in this breach of contract action arising from a claim filed by the plaintiff, Ellen P. Bullock, against the United States Army (Army), before the Equal Employment Opportunity Commission (EEOC). *Bullock v. United States*, No. 17-445C, 2019 WL 4668062, at *1 (Fed. Cl. Sept. 25, 2019). The court determined that any alleged oral settlement agreement between Ms. Bullock and the Army for, among other terms, the payment of $70,000 to resolve the EEOC proceedings was not enforceable because it was not reduced to writing. *Id.* In reaching this conclusion, the court determined that the applicable Army regulation, Army Reg. 690-600 ¶ 5-13.g, and EEOC regulation, 29 C.F.R. § 1614.603, require that a settlement agreement before the EEOC must be in writing and signed by the parties to be valid. *Bullock*, 2019 WL 4668062, at *4-*5. In

this case, it was not disputed that the parties had not executed a written settlement agreement. *Id.* at *4. The court further concluded that the circumstances within which the Federal Circuit has recognized the validity of oral settlement agreements were not present in this case. *Id.* at *1, *4-*5. The court noted that oral settlement agreements have been accepted by the Federal Circuit where the settlement negotiations occurred before the administrative judge actually adjudicating the case and where the terms of the settlement agreement were read into the record before the administrative judge. *Id.* at *4.

On October 22, 2019, Ms. Bullock filed the pending motion for reconsideration under Rule 59 of this court's rules (ECF No. 83), arguing that the court erred in failing to construe the facts to find the existence of an oral settlement agreement and in holding that the Army and EEOC regulations precluded an oral settlement agreement. Mot. for Recons. at 3-10. For the following reasons, Ms. Bullock's motion for reconsideration is **DENIED**.

Under Rule 59 of the Rules of the United States Court of Federal Claims, the court, "in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting *Young v. United States,* 94 Fed. Cl. 671, 674 (2010)). The Supreme Court has noted that motions for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 2810.1 (2d ed. 1995)); s*ee also Lone Star Indus., Inc. v. United States*, 111 Fed. Cl. 257, 259 (2013) ("A Rule 59 motion 'must be based upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court.'" (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999))); *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002) (holding that a court will not grant a motion for reconsideration if the movant merely reasserts arguments previously made); *Lee v. United States*, 130 Fed. Cl. 243, 252 (2017), *aff'd*, 895 F.3d 1363 (Fed. Cir. 2018) (holding that the court will not grant a motion for reconsideration based on "new arguments that could have been raised earlier"). Rather, "the movant must point to a manifest (i.e., clearly apparent or obvious) error of law or a mistake of fact." *Ammex*, 52 Fed. Cl. at 557; *Lucier v. United States*, 138 Fed. Cl. 793, 798-99 (2018).

Applying these standards, Ms. Bullock's reconsideration motion must be denied. Ms. Bullock has not identified an intervening change in the controlling law, newly discovered evidence, or a need to correct clearly apparent factual or legal error. Rather, Ms. Bullock first contends that the court should have inferred from the facts presented that Ms. Bullock and the Army had entered into a binding agreement. Mot. for Recons. at 3-6. This argument "merely reasserts" arguments previously made in her summary judgment briefing and cannot serve as grounds for reconsideration. *Ammex*, 52 Fed. Cl. at 557 (internal quotation and citation omitted).

Ms. Bullock also argues that various precedents preclude the court from applying regulations, such as the Army's and EEOC's, to render the alleged oral settlement

agreement unenforceable. Mot. for Recons. at 6-10. However, Ms. Bullock's mere disagreement with the court's conclusion that the representations exchanged between the parties before the EEOC mediator did not give rise to a binding agreement under the Army and EEOC regulations is not grounds for reconsideration. In her original motion and reply Ms. Bullock failed to address the applicable Army and EEOC regulations establishing the requirements for a valid EEOC settlement agreement. *Bullock*, 2019 WL 4668062, at *4. The government in its cross motion for summary judgment expressly raised the argument that these regulations precluded an enforceable oral settlement agreement, and Ms. Bullock could have addressed the argument in her reply but did not.[1] *See id.* at *3 (citing Def.'s Cross-Mot. at 9-10, 29-30). Ms. Bullock's contention on reconsideration that these regulations cannot bar the enforcement of an oral settlement is therefore a new argument that should have been raised earlier and cannot serve as a basis for reconsideration now. *See Lee*, 130 Fed. Cl. at 252.

Moreover, besides being forfeited, Ms. Bullock's argument is without merit. As the court explained in its opinion, the Federal Circuit has addressed the specific circumstances when it will enforce an oral settlement agreement, including one arising from an employment dispute. *Bullock*, 2019 WL 4668062, at *4-*5 (citing *Tiburzi v. Dep't of Justice*, 269 F.3d 1346 (Fed. Cir. 2001); *Brown v. Dep't of Army*, 157 F. App'x

---

[1] Ms. Bullock's suggestion in her reconsideration motion that this court's "guidance" led her to focus her summary judgment briefing on the issue of "actual settlement authority" – rather than the other arguments raised by the government – is unsupported. Mot. for Recons. at 1. As discussed above, the government expressly raised the argument regarding the Army and EEOC regulations in its cross motion for summary judgment, but Ms. Bullock failed to address that argument.

295 (Fed. Cir. 2005); *Gray v. Dep't of Defense*, 91 F. App'x 137 (Fed. Cir. 2004)). Ms. Bullock does not address these cases in her motion for reconsideration. Her general contention that other courts in other circumstances have enforced oral contracts, *see, e.g.*, Mot. for Recons. at 6 (citing *United States v. Winstar Corp.*, 518 U.S. 839, 895 (1996) (addressing the "sovereign acts doctrine")), are not relevant where the Federal Circuit has identified the limited circumstances when it will accept an oral settlement agreement involving an employment dispute and the subject facts do not match those circumstances.

For these reasons, the court **DENIES** Ms. Bullock's motion for reconsideration.

**IT IS SO ORDERED.**

s/Nancy B. Firestone  
NANCY B. FIRESTONE  
Senior Judge